## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

FEDERAL-MOGUL IGNITION
COMPANY,

        Plaintiff,

vs.

PYLON MANUFACTURING
CORPORATION,

        Defendant.

Case No. _____

**COMPLAINT**

**JURY DEMANDED**

JOHN CORBETT O'MEARA

**00 - 7462 6**

MAGISTRATE JUDGE GOLDMAN

Jon H. Kingsepp (15982)
Nancy Komer Stone (48515)
Howard & Howard Attorneys, P.C.
The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
Telephone: (248) 645-1483
Telecopier: (248) 645-1568

*Attorneys for Plaintiff*

Of counsel:
STEVEN C. SCHROER
TIMOTHY P. MALONEY
EDWARD E. CASTO, JR.
Fitch, Even, Tabin & Flannery
120 South LaSalle Street, Suite 1600
Chicago, IL 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

Plaintiff, Federal-Mogul Ignition Company, as and for its complaint against Defendant, Pylon

Manufacturing Corporation ("Pylon"), alleges as follows:

–1–

## NATURE OF ACTION

This is a civil action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 101 *et seq.* Plaintiff seeks preliminary and permanent injunctive relief, its damages, Pylon's profits, enhanced damages, and its attorney fees and costs.

## PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its current principal pace of business at 26555 Northwestern Highway, Southfield, Michigan 48034. Plaintiff is a wholly-owned subsidiary of Federal-Mogul Corporation, a Michigan Corporation also having its principal place of business at 26555 Northwestern Highway, Southfield, Michigan. Among other things, Plaintiff is a manufacturer and distributer of windshield wiper products and accessories. As to matters set forth herein, Plaintiff is the successor-in-interest to Cooper Automotive Products, Inc.

2.      Upon information and belief, Pylon is a corporation organized and existing under the laws of the State of Delaware, with places of business at 24800 Denso Drive, Suite 255, Southfield, Michigan 48034 and 1341 Newport Center Drive West, Deerfield Beach, Florida 33442. Also, upon information and belief, Pylon is a wholly-owned subsidiary and is controlled by Qualitor, Inc., a Delaware corporation having a principal place of business at 24800 Denso Drive, Southfield, Michigan 48034. Pylon manufactures various windshield wiper products and accessories and has promoted and offered to sell its windshield wiper products and accessories in the United States, in the State of Michigan, and this Judicial District.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400.

## PLAINTIFF'S PATENT RIGHTS

5.      On September 15, 1998, United States Patent No. 5,807,016 ("the '016 patent"), was duly and legally issued naming inventors Richard Allen Herring, *et al.*, and entitled "Connection of Windshield Wiper Blades." Prior to the issuance of the '016 patent, all right, title and interest therein was assigned to Cooper Automotive Products, Inc. of Houston, Texas. A copy of the '016 patent is attached as Exhibit A.

6.      On March 23, 1999, United States Patent No. 5,885,023 ("the '023 patent"), was duly and legally issued naming inventors James Patrick Witek, *et al.*, and entitled "Windshield Wiper Blade Connector." Prior to the issuance of the '023 patent, all right, title and interest therein was assigned to Cooper Automotive Products, Inc. of Houston, Texas. A copy of the '023 patent is attached as Exhibit B.

7.      On or about November 2, 1998, Cooper Automotive Products, Inc. filed a Certificate of Amendment with the Delaware Secretary of State which changed its name to Federal-Mogul Chesterfield, Inc.

8.      On or about December 29, 1998, Federal-Mogul Ignition Company filed a Certificate of Ownership and Merger with the Delaware Secretary of State which attests to its ownership of Federal-Mogul Chesterfield, Inc. and merged Federal-Mogul Chesterfield, Inc. with Federal-Mogul Ignition Company under the name Federal-Mogul Ignition Company.

–3–

9.      By reason of the foregoing, Plaintiff, Federal-Mogul Ignition Company, presently owns all right, title and interest in the '016 and the '023 patents, including the right to enforce the patents, to initiate legal proceedings against Pylon for infringement of the patents, and to recover damage for past, present and future infringement.

10.     Plaintiff has sold, and continues to sell, windshield wiper products and accessories covered by the '016 and '023 patents.

## DEFENDANT'S UNLAWFUL ACTIVITIES

11.     Pylon has and continues to offer for sale, sell, make and/or use windshield wiper products and accessories in the United States, in the State of Michigan, and in this Judicial District.

12.     Pylon has and continues to offer for sale, sell, make and/or use certain windshield wiper products under the names "Lexor" with "Talon Bracket,""Pylon Universal Blade," and "Car & Driver." These accused products, and possibly others, contain an adaptor for attaching different types of windshield wiper arms which is identical in every material respect to the patented design claimed in the '016 patent. These accused products, and possibly others, also contain a connector configured to attach to either a pin-type or hookslot wiper arm which is identical in every material respect to the patented designs claimed in the '023 patent.

13.     Upon information and belief, Pylon knowingly and willfully copied the construction, design, and features of the patented design claimed in the '016 and '023 patents.

## FIRST CAUSE OF ACTION
### Infringement Of The '016 And '023 Patents

14.     Plaintiff hereby repeats and realleges each of the allegations contained in paragraphs 1 through 13, as if fully set forth herein.

15.   Pylon has and continues to infringe, willfully infringe, induce the infringement of, and/or contribute to the infringement of the '016 and '023 patents in the United States, the State of Michigan, and this Judicial District, by selling, offering for sale, making and/or using the Lexor, Pylon Universal Blade, and Car & Driver windshield wiper products, and any other products containing substantially similar connectors and/or adaptors covered by the '016 and/or '023 patents.

16.   Plaintiff has been damaged by Pylon's infringement, willful infringement, inducement of infringement, and/or contributory infringement of the '016 and '023 patents, and such willful infringement has and will continue to cause irreparable injury to Plaintiff unless it is restrained and enjoined by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby requests that this Court:

1.   Enter judgment that Pylon has infringed the '016 and '023 patents;

2.   Enter judgment that Pylon's infringement of the '016 and '023 patents was intentional and willful;

3.   Enter preliminary and permanent injunctions restraining and enjoining Pylon and its agents, servants, employees, and all persons acting thereunder, in concert with, or on its behalf, from making, using, selling, promoting, advertising, or marketing the accused products or any imitation thereof in the United States, the State of Michigan, and this Judicial District;

4.   Enter judgment awarding Plaintiff the maximum damages permitted by law for its injuries incurred as a result of Pylon's patent infringement; Pylon's profits obtained as a result of the acts stated herein; and enhanced damages;

5.     Enter judgment awarding Plaintiff its costs and expenses of this action as allowed by law, together with its reasonable attorney fees for bringing and prosecuting this action; and

6.     Enter judgment awarding Plaintiff such other and further relief that the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as of right by a jury.

## RESERVATION OF RIGHTS

Plaintiff's investigation of the matters alleged herein is ongoing. As to all matters alleged herein upon information and belief, all such matters have, or are likely to have, evidentiary support after a reasonable opportunity for further investigation or discovery. Plaintiff expressly reserves the right to amend or supplement the claims set forth herein in accordance with Rule 15 of the Federal Rules of Civil Procedure.

Dated: 10/16/00

Jon H. Kingsepp (15982)
Nancy Komer Stone (48515)
HOWARD & HOWARD ATTORNEYS, P.C.
The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
Telephone: (248) 645-1483
Telecopier: (248) 645-1568

*Attorneys for Plaintiff*

Of counsel:
Steven C. Schroer
Timothy P. Maloney
Edward E. Casto, Jr.
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street - Suite 1600
Chicago, Illinois 60603-3406
(312) 577-7000

–7–

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED