IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FEDERAL-MOGUL IGNITION COMPANY,

Plaintiff,

v.

PYLON MANUFACTURING CORPORATION,

Defendant.

Case No. 00-74626

Hon. Lawrence P. Zatkoff

---

HOWARD & HOWARD ATTORNEYS, P.C.
Jon H. Kingsepp (P15982)
Nancy Komer Stone (P48515)
Attorneys for Plaintiff
The Pinehurst Office Center
39400 Woodward Ave., Suite 101
Bloomfield Hills, MI 48304-5151
(248) 645-1483

FITCH, EVEN, TABIN & FLANNERY
Steven C. Schroer
Timothy P. Maloney
Edward E. Casto, Jr.
Of-counsel for Plaintiffs
120 South LaSalle Street, Ste. 1600
Chicago, IL 60603
(312) 577-7000

DICKINSON WRIGHT PLLC
Edward H. Pappas (P23224)
Daniel D. Quick (P48109)
Douglas A. Mullen (P52975)
Joseph P. Tocco (P53548)
Attorneys for Defendant
500 Woodward Ave., Ste. 4000
Detroit, MI 48226-3425
(313) 223-3500

'00 NOV 27 P4:32
U.S. DIST. COURT CLERK
EAST DIST MICH
DETROIT

---

**DEFENDANT PYLON MANUFACTURING CORPORATION'S**

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**



Defendant Pylon Manufacturing Corporation ("Pylon"), by its attorneys, Dickinson Wright PLLC, answers Plaintiff's Complaint as follows:

**PARTIES**

1. Pylon neither admits nor denies the allegations because it is without knowledge or information sufficient to form a belief as to their truth.

2. Pylon admits that it is a Delaware corporation and maintains a place of business at 1341 Newport Center Drive West, Deerfield Beach, Florida 33442, and further admits that it manufacturers various windshield wiper products and accessories and has promoted and offered to sell its windshield wiper products and accessories in the United States, Michigan and this judicial district. Answering further, Defendant denies as untrue all remaining allegations in paragraph 2 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

3. Pylon admits the allegations.

4. Pylon denies the allegations as untrue.

**PLAINTIFF'S PATENT RIGHTS**

5. Pylon neither admits nor denies the allegations because it is without knowledge or information sufficient to form a belief as to their truth.

6. Pylon neither admits nor denies the allegations because it is without knowledge or information sufficient to form a belief as to their truth.

7. Pylon neither admits nor denies the allegations because it is without knowledge or information sufficient to form a belief as to their truth.

8. Pylon neither admits nor denies the allegations because it is without knowledge or information sufficient to form a belief as to their truth.

9. Pylon neither admits nor denies the allegations because it is without knowledge or information sufficient to form a belief as to their truth.

10. Pylon neither admits nor denies the allegations because it is without knowledge or information sufficient to form a belief as to their truth.

**DEFENDANT'S UNLAWFUL ACTIVITIES**

11. Defendant admits this allegation.

12. Pylon admits that it has and continues to offer for sale, make, and/or use windshield wiper products under various names, including "Lexor," sells product to others for sale under the "Car & Driver" name, that these products contain the "Talon Bracket", and that some of the wiper products include a shim for connecting to a hook arm. Answering further, Pylon denies as untrue the remaining allegations.

13. Pylon denies the allegations as untrue.

**FIRST CAUSE OF ACTION**
**Infringement of the '016 and '023 Patents**

14. Pylon incorporates its prior answers by reference.

15. Pylon denies the allegations as untrue.

16. Pylon denies the allegations as untrue.

**PRAYER FOR RELIEF**

THEREFORE, Pylon requests that the Court deny the relief sought by Plaintiff and instead enter a judgment of no cause of action, together with an award of Pylon's costs and attorneys' fees incurred in defending this lawsuit.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Pylon has not infringed in any manner the patents-in-suit, either literally or under the doctrine of equivalents.

3. Upon information and belief, discovery is likely to show that the claims of the patents-in-suit are invalid for failure to meet the requirements of the patent laws of the United States, including one or more of 35 U.S.C. §§ 101-103, 112, 115 and 116.

4. Upon information and belief, discovery is likely to show that the claims of the patents-in-suit are anticipated by or rendered obvious in view of pertinent prior art and therefore invalid pursuant to 35 USC § § 102 or 103.

5. Plaintiff's claims are barred by the equitable doctrine of laches, and/or estoppel because Plaintiff, inter alia, delayed unreasonably in bringing suit or otherwise notifying Pylon of the alleged infringement.

6. Pursuant to 35 U.S.C. § 287, Plaintiff's damages claim is limited to the period following the filing of the complaint because Plaintiff has failed to provide public notice of the patent numbers and/or the alleged infringement to Pylon prior to the filing of the complaint.

7. Venue is not proper in the judicial district.

8. Plaintiffs have engaged in inequitable conduct which deprives them of the ability to bring this action and/or obtain the requested relief.

9. Defendant reserves the right to add other affirmative defenses as discovery proceeds.

**RELIANCE ON JURY DEMAND**

Defendant hereby relies on Plaintiff's jury demand.

DICKINSON WRIGHT PLLC

By: ______________________________

Edward H. Pappas (P23224)
Daniel D. Quick (P48109)
Douglas A. Mullen (P52975)
Joseph P. Tocco (P53548)
Attorneys for Defendant
500 Woodward Ave., Ste. 4000
Detroit, MI 48226-3425
(313) 223-3500

Dated: 11/27/00

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FEDERAL-MOGUL IGNITION COMPANY,

Plaintiff,

Case No. 00-74626

v.

Hon. Lawrence P. Zatkoff

PYLON MANUFACTURING CORPORATION,

Defendant.

---

HOWARD & HOWARD ATTORNEYS, P.C.
Jon H. Kingsepp (P15982)
Nancy Komer Stone (P48515)
Attorneys for Plaintiff
The Pinehurst Office Center
39400 Woodward Ave., Suite 101
Bloomfield Hills, MI 48304-5151
(248) 645-1483

FITCH, EVEN, TABIN & FLANNERY
Steven C. Schroer
Timothy P. Maloney
Edward E. Casto, Jr.
Of-counsel for Plaintiffs
120 South LaSalle Street, Ste. 1600
Chicago, IL 60603
(312) 577-7000

DICKINSON WRIGHT PLLC
Edward H. Pappas (P23224)
Daniel D. Quick (P48109)
Joseph P. Tocco (P53548)
Attorneys for Defendant
500 Woodward Ave., Ste. 4000
Detroit, MI 48226-3425
(313) 223-3500

---

**PROOF OF SERVICE**

STATE OF MICHIGAN )
)SS
COUNTY OF WAYNE )

Linda S. Molisee, being first duly sworn, deposes and says that she is an employee of Dickinson Wright PLLC, and that on November 27, 2000 she served a copy of:

1. Defendant Pylon Manufacturing Corporation's Answer to Complaint, Affirmative Defenses and Counterclaim; and

2. Proof of Service

upon:

Jon H. Kingsepp, Esq.
Howard & Howard Attorneys, P.C.
The Pinehurst Office Center
39400 Woodward Ave., Ste. 101
Bloomfield Hills, MI 48304-5151

Steven C. Schroer, Esq.
Fitch, Even, Tabin & Flannery
120 South LaSalle St., Ste. 1600
Chicago, IL 60603

by enclosing same in an envelope bearing proper postage and being properly addressed as above and by causing same to be deposited in the United States mail receptacle located at 500 Woodward Avenue, Detroit, Michigan.

Linda S. Molisee

Subscribed and sworn to before me
on this 27th day of November, 2000

Sharon A. Oke

NOTARY PUBLIC

SHARON A. OKE
Notary Public, Macomb County, Michigan
Acting in Wayne County
My Commission Expires September 16, 2004